**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DONALD PHOENIX BARKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-CV-612-CVE-FHM** |
| | ) | |
| **DELAWARE COUNTY; SUESA HOPPER;** | ) | |
| **JAIL ADMINISTRATOR LONNIE;** | ) | |
| **ALICIA LITTLEFIELD, County Judge;** | ) | |
| **KENNETH WRIGHT, District Attorney;** | ) | |
| **DETECTIVE TEAL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

On October 31, 2012, Plaintiff Donald Phoenix Barker, a prisoner appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). He also provided three (3) summonses. As discussed below, Plaintiff shall be granted leave to proceed in forma pauperis, but he remains obligated to pay the full $350 filing fee in monthly installments. In addition, Plaintiff shall be required to file an amended complaint to cure deficiencies and to show cause why this action should not be dismissed with prejudice.

**A. Motion to proceed in forma pauperis shall be granted**

Upon review of the motion to proceed in forma pauperis, the Court finds that Plaintiff is without funds in his institutional account(s) sufficient to prepay the full filing fee required to commence this action. Accordingly, Plaintiff is entitled to proceed without prepayment of the filing fee and his motion to proceed in forma pauperis shall be granted. Nonetheless, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full **$350** filing fee in monthly installments as set forth hereafter.

Within thirty (30) days of the entry of this Order, Plaintiff shall pay an initial partial filing fee of **$2.56** which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in Plaintiff's inmate accounts for the period of time immediately preceding the filing of the complaint. See 28 U.S.C. §1915(b). After payment of the initial partial filing fee, Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his prison accounts until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2). The Court will enter an order directing the agency having custody of Plaintiff to collect, when Plaintiff's prison account(s) exceeds $10, and forward such monthly payments to the Clerk of the Court until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious, (2) fails to state a claim on which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e). Plaintiff is further advised that monthly payments will be collected until full payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

**B. Complaint is subject to dismissal**

**1.    Screening/Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure

to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain  "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff.  Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

3

2.      **Complaint fails to state a claim**

In his complaint (Dkt. # 1), Plaintiff states that he "was arrested in 11/08, plead guilty and served time.  Several of my civil and constitutional rights were violated from the moment of my arrest until now." Based on those allegations, Plaintiff identifies three (3) claims, as follows:

Count I:      Violations of my 4th amendment rights.
              A team of police officers forced entry into my house, the house of my in-laws, and the house of my girlfriend and took property and they never showed a warrant in 11/08.

Count II:     Discrimmination [sic].
              I was discriminated [sic] against in every way from food portions in the jail to sentencing by all parties involved.

Count III:    Fraud. legal and extrinsic.
              I was told by the DA and my attorney that I had to sign over certain properties of mine to regain my freedom. Judge Littlefield threatened to revoke my bond if I didn't get an attorney and other things they did not tell me about my case which I discovered years later.

(Dkt. # 1).  Plaintiff also attaches four (4) handwritten pages to his complaint containing additional statements of fact.  See id.  In his prayer for relief, Plaintiff asks for "my conviction overturned or reduced sentence, return of property, reimbursement [sic] for property damage, criminal investigation of the officials of Delaware County, five hundred thousand dollars." Id.

**a.  complaint lacks factual allegations against Defendants Wright and Teal**

Plaintiff identifies Kenneth Wright and Detective Teal as defendants. As to Defendant Wright, identified as District Attorney of Delaware County, Plaintiff alleges "excessive bail, discrimmnation [sic], due process of law." See Dkt. # 1, handwritten page 4.  As to Detective Teal, Plaintiff alleges "decrimmnation [sic], due process of law, violation Fourth Amendment." Id. Plaintiff also alleges that on one occasion, Detective Teal, along with Jail Administrator Lonnie, directed that Plaintiff was not to use the phone at the jail. Id. at 3. However, other than those brief,

4

conclusory statements, Plaintiff fails explain how either Kenneth Wright or Detective Teal allegedly violated his constitutional rights.   Therefore, the Court finds the complaint fails to state a claim upon which relief may be granted as to those defendants.

### b. claim against Delaware County District Attorney is subject to dismissal

To the extent Defendant Wright is sued because, as Delaware County District Attorney, he prosecuted criminal charges against Plaintiff, Plaintiff's request for damages is subject to dismissal based on prosecutorial immunity.  A state prosecutor is entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994) (quoted case omitted).  Of course, "'actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.'"   DiCesare v. Stuart, 12 F.3d 973, 977 (10th Cir. 1993) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)).   In this case, it appears that the actions of Defendant Wright, Delaware County District Attorney, were taken in prosecuting the criminal charge against Plaintiff and are the type of conduct protected by absolute immunity. A prosecutor's decisions made during the course of a prosecution relate to the judicial phase of the criminal process. Imbler, 424 U.S. at 430.  Because Defendant Wright would be entitled to absolute prosecutorial immunity from civil damages, Plaintiff's request for monetary damages from Defendant Wright is subject to being dismissed from this action with prejudice.  28 U.S.C. § 1915(e)(2)(B)(iii).

**c. claim against Defendant Hopper is subject to dismissal**

Plaintiff identifies Defendant Suesa Hopper as the public defender appointed to represent

him during his criminal proceedings.  See Dkt. # 1, handwritten page 1.  To the extent Plaintiff has

sued Defendant Hopper in her capacity as his criminal defense attorney, Plaintiff is advised that the

claim is subject to being dismissed for failure to state a claim upon which relief may be granted.

Section 1983 provides as follows:

> Every person who, **under color of any statute, ordinance,
> regulation, custom, or usage, of any State** or Territory or the
> District of Columbia, subjects, or causes to be subjected, any citizen
> of the United States or other person within the jurisdiction thereof to
> the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added).  The emphasized language establishes that to be liable under

§ 1983, the defendant must have acted under color of state law (i.e., he must have been a state actor).

See, e.g., Jett v. Dallas Independent School District, 491 U.S. 701, 724-25 (1989); Harris v.

Champion, 51 F.3d 901, 909 (10th Cir. 1995).

Defense attorneys are not state actors within the meaning of 42 U.S.C. § 1983.  According

to the Tenth Circuit,

> Public Defenders, whether court appointed or privately retained,
> performing in the traditional role of attorney for the defendant in a
> criminal proceeding, are not deemed to act under color of state law;
> such attorneys represent their client only, not the state, and are not
> subject to suit in a 42 U.S.C. § 1983 action.

Lowe v. Joyce, No. 95-1248, 1995 WL 495208, at *1 (10th Cir. Aug. 21, 1995) (citing Harris v.

Champion, 51 F.3d 901, 910 (10th Cir. 1995)); see also Polk County v. Dodson, 454 U.S. 312, 325

(1981) (holding that "a public defender does not act under color of state law when performing a

6

lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). In <u>Briscoe v. LaHue</u>, 460 U.S. 325, 329 n.6 (1983), the United States Supreme Court held that "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." <u>Id.</u>

Therefore, any action taken by Defendant Hopper in her capacity as Plaintiff's defense counsel was not state action for purposes of 42 U.S.C. § 1983.  As a result, the claims against Defendant Hopper are subject to dismissal for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

### d.  Defendant Littlefield is entitled to absolute judicial immunity

Plaintiff complains of actions taken against him by Delaware County District Judge Littlefield.  However, it is well established that "[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion." <u>Andrews v. Heaton</u>, 483 F.3d 1070, 1076 (10th Cir. 2007) (quoting <u>Guttman v. Khalsa</u>, 446 F.3d 1027, 1033 (10th Cir. 2006) (citing <u>Mireles v. Waco</u>, 502 U.S. 9, 13 (1991))). Plaintiff complains of rulings made by Defendant Littlefield while presiding over his criminal proceeding. As a result, Defendant Littlefield was "performing judicial acts and [was] therefore clothed with absolute judicial immunity." <u>Hunt v. Bennett</u>, 17 F.3d 1263, 1266 (10th Cir. 1994); <u>see also</u> <u>Lundahl v. Zimmer</u>, 296 F.3d 936, 939 (10th Cir. 2002) (extending judicial immunity to "any judicial officer who acts to either [ (1) ] resolve disputes between parties or [ (2) ] authoritatively adjudicate private rights." (internal quote and

alterations omitted)).  Plaintiff's claims against Defendant Littlefield are subject to being dismissed with prejudice based on absolute judicial immunity.

### e.  statute of limitations

To the extent a named Defendant is not entitled to immunity, it appears that Plaintiff's claims are barred by the two (2) year statute of limitations. As his first cause of action, Plaintiff alleges that his rights under the Fourth Amendment were violated when police officers forced entry into his house and never showed a warrant. As his second cause of action, Plaintiff alleges that he was discriminated against by Defendants while at the Delaware County Jail and during the prosecution of criminal charges. As his third cause of action, Plaintiff complains of actions taken against him by the DA, his attorney, and Judge Littlefield during the prosecution of criminal charges.  Plaintiff also describes an incident at the Delaware County Jail involving Defendants Lonnie and Detective Teal and complains of inadequate medical care provided at the jail in August 2009.  With the exception of the claim of inadequate medical care in August 2009, Plaintiff states that all of the events giving rise to his claims occurred in November 2008.

No statute of limitations is expressly provided for claims under 42 U.S.C. § 1983.  However, the Supreme Court has held that courts must look to state law for the appropriate period of limitations in § 1983 cases.  Wilson v. Garcia, 471 U.S. 261, 266-67 (1985).  The Tenth Circuit Court of Appeals has stated that the appropriate period of limitations for § 1983 actions brought in the State of Oklahoma is two years, pursuant to Okla. Stat. Ann. tit. 12, § 95(3).  Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988).  While state law governs limitations and tolling issues, federal law determines the accrual of § 1983 claims.  Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995); Baker v. Board of Regents, 991 F.2d 628, 632 (10th Cir.1993).  A civil rights action accrues

when "facts that would support a cause of action are or should be apparent." <u>Fratus</u>, 49 F.3d at 675

(quoting <u>Blumberg v. HCA Management Co.</u>, 848 F.2d 642, 645 (5th Cir.1988));  see also <u>Johnson</u>

<u>v. Johnson County Comm'n Bd.</u>, 925 F.2d 1299, 1301 (10th Cir.1991).  "Claims arising out of

police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are

presumed to have accrued when the actions actually occur." <u>Johnson</u>, 925 F.2d at 1301; <u>Singleton</u>,

632 F.2d at 191; <u>McCune v. City of Grand Rapids</u>, 842 F.2d 903, 906 (6th Cir. 1988). Thus, a

plaintiff must bring an action within two years of the date when facts that would support a cause of

action are or should be apparent.

It appears from the face of the complaint that each of Plaintiff's claims is barred by the two-

year statute of limitations. As indicated above, Plaintiff filed his complaint on October 31, 2012.

Therefore, any claim arising prior to October 31, 2010, may be time-barred. Plaintiff states that the

Fourth Amendment violations, the prosecution of criminal charges against him, and unconstitutional

jail conditions all occurred in November 2008, or almost four (4) years ago. The additional

allegation of inadequate medical care at the jail is based on an incident in August 2009, or more than

three (3) years ago.  All of Plaintiff's claims appear to be time barred.

### f.  improper requests for relief

In his request for relief, Plaintiff asks that "my conviction overturned or reduced sentence,

return of property, reimbursement [sic] for property damage, criminal investigation of the officials

of Delaware County, five hundred thousand dollars." <u>See</u> Dkt. # 1. As to the request for money

damages, the Court has determined above that Plaintiff's complaint fails to state a claim upon which

relief may be granted. The Court further finds that the other relief sought by Plaintiff is improper

or legally frivolous.  First, Plaintiff asks that his conviction be "overturned or reduced sentence."

See Dkt. # 1.  Plaintiff's effort to obtain relief from a criminal conviction is improper in this civil rights action.  The Supreme Court has made clear that a "§ 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement." Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 482, 489 (1973)) (internal citations and punctuation omitted). Instead, prisoners must seek either federal habeas corpus relief or relief under state law. Id. at 78.

Plaintiff also asks for return of property and reimbursement for property.  Although he fails to provide any factual support for a claim that he has been deprived of property in violation of the constitution, the Court nonetheless finds that he is not entitled to either return of or reimbursement for property in this federal civil rights action. Plaintiff had a post-deprivation remedy in the form of a replevin action based on contract in the Oklahoma state courts. See Gibson v. Copeland, 13 P.3d 989, 991–92 (Okla. Ct. App. 2000); see also Okla. Stat. tit. 12, § 1751(A)(2) (2012). Plaintiff does not allege that such remedy was unavailable or deficient. Therefore, Plaintiff's request for return of or reimbursement for property fails.

Lastly, Plaintiff asks for a "criminal investigation of the officials of Delaware County." See Dkt. # 1. The Court finds Plaintiff's requested relief is legally frivolous.  The initiation of a criminal investigation by state or federal officials is a discretionary act, and the federal courts do not have the power to order the undertaking of discretionary acts. Cf. Jafree v. Barber, 689 F.2d 640, 643 (7th Cir. 1982).  Should Plaintiff decide to file an amended complaint, as discussed below, he should insure that any request for relief is properly asserted under 42 U.S.C. § 1983.

## C.  Opportunity to amend

Plaintiff will be afforded the opportunity to file an amended complaint to cure the deficiencies identified herein.  If Plaintiff files an amended complaint, he must state specifically how and when each named defendant violated his constitutional rights.  Any claim against an immune defendant will be dismissed.  Plaintiff must also demonstrate why this action should not be dismissed with prejudice based on expiration of the two year statute of limitations applicable to § 1983 claims. Plaintiff shall not request improper or legally frivolous relief in his amended complaint. If Plaintiff fails to file an amended complaint, this action will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      Plaintiff's motion to proceed in forma pauperis (Dkt. # 2) is **granted**.

2.      Within thirty (30) days of the entry of this Order, or by **December 7, 2012**, Plaintiff shall submit an initial partial payment of **$2.56**.

3.      By the above-referenced deadline, Plaintiff shall file an amended complaint using the court-approved form and curing the deficiencies identified herein.

4.      If Plaintiff fails to file an amended complaint, this action will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

5.      The Clerk of Court shall send Plaintiff a blank civil rights complaint (form PR-01), marked "amended" and identified as Case No. 12-CV-612-CVE-FHM, for Plaintiff's use in complying with this Order.

**Failure to comply with this Order may result in the dismissal of this action without further notice.**

11

DATED THIS 7th day of November, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE